W. T. BOONE, ADMINISTRATOR OF NANCY WHITE FULLER, PLAINTIFF v. DAVE FOSTER FULLER, DEFENDANT

No. 769SC166

(Filed 7 July 1976)

Death § 1— wrongful death — cause of death — guilty plea to murder — summary judgment

In an action to recover damages for the death of plaintiff's intestate allegedly resulting from an assault on her by defendant, the trial court properly ruled that there was no genuine issue of fact as to the cause of decedent's death and properly entered partial summary judgment for plaintiff on that issue where plaintiff offered defendant's plea of guilty to second degree murder of decedent, and defendant's affidavit in opposition stated only that the guilty plea was the result of "plea bargaining" and that he was "informed" and "believed" that decedent died of pneumonia, since defendant offered no competent evidence to contradict plaintiff's evidence as to the cause of death.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 18 September 1975 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 27 May 1976.

This is a civil action wherein the plaintiff, W. T. Boone, Administrator of the Estate of Nancy White Fuller, is seeking $150,000.00 damages from the defendant, Dave Foster Fuller, allegedly resulting from an assault by defendant causing serious injury and eventual death to plaintiff's intestate.

In his complaint, filed 23 June 1972, plaintiff alleged that on 17 December 1971 "the defendant, without just cause, unlawfully, willfully and maliciously committed an assault upon the plaintiff's intestate" by beating and kicking her. As a result of the assault, she suffered serious painful injuries from which

she died on 30 January 1972. Defendant answered denying the allegations of the complaint and prayed for a jury trial on all the triable issues.

On 24 July 1975 plaintiff filed a motion for summary judgment on the issue of "whether . . . the plaintiff's intestate died as a result of the injuries inflicted upon the plaintiff's intestate by the defendant." In support of his motion, plaintiff offered certified copies of portions of the record of the case of *"State of North Carolina v. Dave Foster Fuller,* number 72 CR 348," which showed that defendant had pleaded guilty in that case to the second degree murder of Nancy Fuller. Defendant filed his own affidavit to show that the guilty plea had been the result of "plea bargaining" which he agreed to in order to be assured of a minimum sentence rather than risk conviction and a longer sentence by pleading not guilty. Also in his affidavit was the following statement:

> "That this defendant is informed and believes that the ultimate death cause of plaintiff's intestate was pneumonia which occurred more than six weeks after the alleged assault by the defendant upon the plaintiff and that the defendant has a meritorious defense in this civil action against him."

On 18 September 1975, following a hearing on the matter, the court allowed plaintiff's motion for partial summary judgment, ruling that there was no genuine issue of material fact as to the cause of death of Nancy Fuller. Defendant appealed.

*Davis, Sturges and Tomlinson by Charles M. Davis for plaintiff appellee.*

*Yarborough, Jolly and Williamson by E. F. Yarborough for defendant appellant.*

HEDRICK, Judge.

The record on appeal in this case was filed more than 150 days from the giving of notice of appeal in the court below and is subject to dismissal. App. R. 12(a). We have elected, however, to treat the appeal as a petition for writ of certiorari and have allowed the same.

The principal question presented by defendant for review is whether the trial court erred in ruling that there was no

genuine issue as to the cause of death of decedent. He contends that the trial court erroneously treated his plea of guilty as a judicial admission establishing as a matter of law the fact that decedent died as a result of the assault upon her by defendant. We agree with defendant that his plea was not a judicial admission (see Stansbury, North Carolina Evidence 2d, § 166), but we believe that defendant has misconceived the reasoning for the entry of summary judgment below.

It is well settled in North Carolina that, upon a motion for summary judgment, the moving party has the burden of offering evidence to show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972) ; *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971).

The plea of guilty made by the defendant was an evidentiary admission by him that he did kill the decedent. *See Grant v. Shadrick,* 260 N.C. 674, 133 S.E. 2d 457 (1963). Such evidence supported plaintiff's motion. Once plaintiff offered the plea into evidence, the defendant was not entitled to rest on his pleading but had the burden to come forward with evidence in contradiction to plaintiff's evidence to show that a genuine issue of fact did exist. *Coakley v. Motor Co.,* 11 N.C. App. 636, 182 S.E. 2d 260 (1971), *cert. denied* 279 N.C. 393, 183 S.E. 2d 244 (1971) ; *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970) ; G.S. 1A-1, Rule 56(e). This the defendant did not do. That the plea was the result of "plea bargaining" had no bearing on the truth of the plea entered. It was still an admission sworn to by defendant that he did in fact kill the decedent. Defendants' other allegation to his affidavit that he "believed" decedent died of pneumonia did not satisfy the requirement under G.S. 1A-1, Rule 56(e), that an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein," and could not have been considered by the court. *Singleton v. Stewart, supra.*

In short, the defendant offered no competent evidence to contradict plaintiff's evidence as to the cause of death. Plaintiff's evidence was sufficient to show that no genuine issue of fact

---

---

as to the cause of death existed. Summary judgment for plaintiff on the issue as to the cause of death is affirmed.

Affirmed.

Judges PARKER and ARNOLD concur.