SAROBIA SUTTON v. KENNETH W. SUTTON

No. 8120DC727

(Filed 6 April 1982)

**Divorce and Alimony § 24; Parent and Child § 7.3— failure to deny paternity—defense of non-paternity barred in subsequent aciton**

    *Defendant's failure to deny paternity in a divorce action in which the issue of paternity was duly raised in the complaint barred a defense of non-paternity in a subsequent action for child support between the same parties.*

APPEAL by defendant from *Burris, Judge.* Judgment entered 26 February and 5 March 1981 in District Court, UNION County. Heard in the Court of Appeals 11 March 1982.

Defendant brings this appeal from two orders in which the trial court held that the issue of defendant's paternity of plaintiff's minor child had been finally adjudicated in plaintiff's 1976 divorce action and that defendant was liable for child support.

Plaintiff brought this action against defendant in 1979 for support of their minor child. She alleged that defendant had refused to pay anything for support of his son despite plaintiff's repeated demands. Defendant responded by denying paternity and moved for blood grouping and tissue tests to determine whether he was the father of the child. This order was granted, but later set aside on grounds that the issue of paternity had been adjudicated in the parties' divorce proceeding. From an order granting plaintiff child support and attorney's fees, defendant appeals.

*Perry and Bundy, by H. Ligon Bundy, for plaintiff appellee.*

*Charles D. Humphries for defendant appellant.*

ARNOLD, Judge.

Defendant's sole argument on appeal is that the trial court erred in denying his motion for a paternity test. Defendant contends that the 1976 divorce judgment is not determinative of the issue of paternity because the court made no findings of fact concerning that issue. It is true that no express finding on this issue

Moore v. Insurance Co.

was set forth in the divorce order. However, plaintiff raised the issue in her complaint and the court impliedly addressed it by granting defendant visitation privileges and ordering him to pay child support. Moreover, defendant failed to appear or to raise his defense in the original action although he was properly served with process. As this Court stated in *Williams v. Holland*, 39 N.C. App. 141, 148, 249 S.E. 2d 821, 826 (1978), "[i]t is a well established principle in North Carolina . . . that a valid judgment is binding on the parties to it 'as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of due diligence, could and should have brought forward.' *Bruton v. Light Co.*, 217 N.C. 1, 7, 6 S.E. 2d 822, 826 (1940)."

The trial court correctly held that defendant's failure to deny paternity in the original action between the parties, wherein the issue was duly raised in the complaint, operates as a bar to the defense in the subsequent action between the same parties.

Affirmed.

Judges CLARK and WEBB concur.