BRENDA COMPTON BOZA v. H. MAX SCHIEBEL AND DURHAM COUNTY HOSPITAL CORPORATION

No. 8214SC1311

(Filed 15 November 1983)

1. **Rules of Civil Procedure § 56.6— summary judgment in negligence cases**

    While negligence issues are not ordinarily susceptible to summary disposition, a motion for summary judgment is proper when there is no genuine issue of material fact and reasonable men could only concede that the defendant was not negligent.

2. **Physicians, Surgeons, and Allied Professions § 16.1— medical malpractice action—summary judgment for defendant surgeon**

    In an action to recover for injuries resulting from defendant surgeon's alleged negligent placement of an operating table safety strap during surgery on plaintiff, summary judgment was properly entered for defendant where the materials before the court showed that it was the operating room nurse rather than defendant who placed the safety strap on plaintiff prior to the surgery.

APPEAL by plaintiff from *Lee, Judge.* Judgment entered 24 September 1981 in Superior Court, DURHAM County. Heard in the Court of Appeals 27 October 1983.

This is a civil action wherein the plaintiff seeks to recover damages resulting from defendants' allegedly negligent acts during the performance of surgery on the plaintiff.

Plaintiff entered Durham County General Hospital under the care of Dr. Schiebel for gynecological surgery. Following surgery she suffered numbness in her lower right leg and foot. Hospital records attributed the condition to pressure on the peroneal nerve during surgery. Plaintiff brought suit alleging the injury resulted from the negligent placement of an operating table safety strap.

Plaintiff deposed Dr. Schiebel and the operating room nurse. Following these depositions, both defendants moved for summary judgment. A hearing on the motions was conducted, and on 24 September 1981 an order was entered granting summary judgment for Dr. Schiebel and denying summary judgment as to the hospital.

Plaintiff dismissed her action against the hospital on 20 July 1982 pursuant to a settlement agreement. On 22 July 1982 plaintiff filed a notice of appeal from the 24 September 1981 order granting summary judgment in favor of Dr. Schiebel.

*McCain & Essen, by Grover C. McCain, Jr., and Jeff Erick Essen, for plaintiff, appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by C. Ernest Simons, Jr., and Steven M. Sartorio, for defendant, appellee, Schiebel.*

JOHNSON, Judge.

Assuming *arguendo* that plaintiff has lost her right to appeal by not giving notice of appeal within the time permitted by the statutes and rules after the entry of summary judgment for defendant on 24 September 1981, we treat the appeal as a petition for writ of certiorari and allow the same so that we can dispose of the matter on its merits.

Plaintiff assigns as error the court's order granting summary judgment in favor of defendant Schiebel.

[1]  Negligence issues are not ordinarily susceptible to summary disposition. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E.

2d 419 (1979). However, where there is no genuine issue of material fact and reasonable men could only concede the defendant was not negligent, then a motion for summary judgment is proper. *Dendy v. Watkins*, 288 N.C. 447, 219 S.E. 2d 214 (1975).

[2]  Plaintiff seeks to recover from Dr. Schiebel solely on the theory that he was the person responsible for placing the safety strap on plaintiff prior to surgery and thus the person who committed the negligent act responsible for the injury. Plaintiff seeks to support this theory solely by the following statement made by Dr. Schiebel during his deposition:

> [T]he strap is on when I come in the room and speak to the patient and tell the anesthetist, "Okay, go ahead with anesthesia," and I go out to scrub, when I come back in, I have to put a catheter in the patient on this type of operation.
>
> So the strap is removed at that time, not changed in its tension, because the strap simply hooks on each side, and you just unhook one side and flip it over. The patient is frog-legged for a moment, not with any stirrups or anything like that; the catheter is put in; then put back in a straight position, and the safety strap is hooked back as it was before. There was no change in—let's say in the tension of the draw part, like you would tighten yourself in a seat belt in a plane. It went back just exactly as it was before.
>
> Q. Do you recall doing that in Mrs. Boza's surgery?
>
> A. Yes sir. I recall doing that personally. I do that personally on every one of them that I operate on, and I know I did it on her.

Plaintiff contends these statements raise at least an inference that Dr. Schiebel was responsible for placing the strap on plaintiff prior to the surgery and thus the person who committed the negligent act.

To evaluate the significance of these statements we must examine them in context with defendant's total deposition. Such an examination reveals the following testimony:

> Q. Doctor, did you have any part or function in placing or positioning or strapping or buckling the safety strap that held Mrs. Boza to the table?

A. No, sir, I did not.

Q. That is a function that is performed by other nursing personnel in the operating room?

A. Normally functioned by the person we list as the circulating nurse.

. . .

Q. At any time during the operative procedure on Mrs. Boza, did you personally adjust the tension on this strap?

A. No, there is no way. That's in the non-sterile field, Mr. McCain.

. . .

Q. And as I understand it, you are not involved in placing or putting tension on the strap on either of the two occasions in which the strap was put on?

A. I am not.

Q. And the first time the strap was placed on, are you normally even in the operating room?

A. I'm usually not in the operating room.

. . .

Q. And I believe you mentioned in your testimony one time a little earlier that when the strap is placed on the patient the second time, you are not involved in that, either?

A. No. I'm sterile at that time.

We recognize that on defendant's motion for summary judgment plaintiff is entitled to have the evidence considered in the light most favorable to her and have any conflicts in the evidence resolved in her favor. Here there is no conflict in the evidence presented. When the statement relied upon by plaintiff is examined in context with defendant's total statement it is manifestly clear that what defendant was talking about personally doing was putting the catheter in the plaintiff. Defendant's testimony, coupled with that of the operating room nurse, that it is the nurse who places the safety strap on patients completely destroys plaintiff's theory of recovery against Dr. Schiebel.

There is no genuine issue as to a material fact and from this forecast of evidence reasonable men could only conclude the defendant was not negligent. Therefore, summary judgment was properly granted.

Affirmed.

Judges HILL and BECTON concur.