WILKES COUNTY, By and Through Its Child Support Enforcement Agency, *EX REL.*, SHIRLEY WHITAKER NATIONS and BETTY WHITAKER, Plaintiffs v. JUNIOR GENTRY, Defendant

No. 478PA83

(Filed 28 August 1984)

**Bastards § 1— failure to support illegitimate child—prior criminal action establishing paternity and ordering lump sum settlement**

    Defendant's 1974 plea of guilty to a criminal charge of nonsupport of an illegitimate child, pursuant to G.S. 49-2, did not bar an action by the Wilkes County Department of Social Services for child support pursuant to G.S. 110-128, *et seq.* Credible, uncontroverted evidence of defendant's *plea* of guilty to a criminal charge of nonsupport of the minor child was sufficient to establish paternity so as to bring defendant within the definition of "responsible parent" under G.S. 110-129. Plaintiff instituted this action well within the five-year limitation period and defendant, as a responsible parent, was liable for the amount of public assistance paid. Further, a payment of the lump sum amount ordered as a result of the 1974 conviction for nonsupport of an illegitimate child did not relieve defendant of responsibility for further support. G.S. 110-135, G.S. 110-137, G.S. 49-14, G.S. 49-2, G.S. 49-7, G.S. 50-13.7, and G.S. 50-13.4(b)(c).

DEFENDANT appeals from a decision of the Court of Appeals, 63 N.C. App. 432, 305 S.E. 2d 207 (1983), one judge dissenting, which reversed summary judgment entered for defendant by *Osborne, J.*, at the 22 February 1982 Session of District Court, WILKES County.

The action was instituted by the Wilkes County Department of Social Services to recover past public assistance paid for the support of an illegitimate minor child, and to secure an order for continuing child support from the defendant.

The sole issue on appeal is whether the defendant's 1974 plea of guilty to a criminal charge of nonsupport of an illegitimate child, pursuant to G.S. § 49-2, bars this action by Wilkes County DSS for child support pursuant to G.S. § 110-128, *et seq.* We hold that it does not. For the reasons set forth below we modify and affirm the decision of the Court of Appeals.

*Franklin Smith, attorney for defendant-appellant.*

*Paul W. Freeman, Jr., attorney for plaintiff-appellee.*

MEYER, Justice.

The minor child was born out of wedlock on 27 September 1973. Shortly thereafter the child's mother initiated a criminal action against the defendant for nonsupport of an illegitimate child. The record contains a certified copy of defendant's plea of guilty to this charge on 27 June 1974. The court ordered that prayer for judgment be continued on the condition that defendant pay a lump sum settlement of $2,500.00 to the mother, in addition to the medical expenses incident to the child's birth.

The record further discloses that Wilkes County DSS is currently paying $127.00 a month for the support of the minor child and had paid a total of $1,352.50 as of 26 February 1982.

In November 1981 Wilkes County DSS filed a complaint asking that the defendant be adjudicated the father of the minor child; that he be ordered to indemnify the State for all past public assistance paid on behalf of the minor child; and that he be ordered to provide such continuing support for the minor child as may be adequate and reasonable.

Defendant's answer denied paternity and pled the statute of limitations as a bar. On 11 March 1982 the trial judge granted defendant's motion for summary judgment.

Wilkes County DDS appealed to the Court of Appeals. That court reversed, holding that "summary judgment was improperly entered for the defendant and should have been entered for the

plaintiff." *Id.* at 438, 305 S.E. 2d at 212. The Court of Appeals remanded the case for a finding on the reasonable needs of the minor child and the ability of the defendant to pay.

Defendant argued to the Court of Appeals, as he does to this Court, that plaintiff is precluded from recovering in this civil action because following his 1974 plea of guilty, the payment of the lump sum amount essentially satisfied his obligation to support the minor child. Plaintiff argued that the criminal action established paternity and should estop further litigation on that issue and that defendant's lump sum payment in 1974 did not preclude a subsequent civil action for past (1974 to present) and continuing future support. The Court of Appeals gave collateral estoppel effect to the "implicit determination" of paternity in the criminal action and, based on this holding, concluded that defendant was liable to the plaintiff for past and future support rendered on behalf of the minor child.

While we agree with the result reached by the Court of Appeals, we find it unnecessary to determine whether defendant's 1974 plea of guilty to the criminal charge of nonsupport must be given collateral estoppel effect. *See State v. Lewis,* 311 N.C. 727, 319 S.E. 2d 145 (1984) which addresses that issue. At the hearing on the motion for summary judgment the plaintiff submitted the Transcript of Plea Negotiations and Order for Judgment in the prior criminal case as evidence of defendant's paternity. Defendant made no attempt to refute or explain this evidence and it was therefore uncontroverted. The plea of guilty may therefore be considered as an evidentiary admission by the defendant on the issue of paternity. *See* 2 Brandis on N.C. Evidence § 177 (1982); *Grant v. Shadrick,* 260 N.C. 674, 133 S.E. 2d 457 (1963); *Boone v. Fuller,* 30 N.C. App. 107, 226 S.E. 2d 191 (1976). We believe that in this case the credible, uncontroverted evidence of defendant's *plea* of guilty to a criminal charge of nonsupport of the minor child is sufficient to establish paternity so as to bring defendant within the definition of "responsible parent" under G.S. § 110-129. That definition includes "the father of an illegitimate child." Our holding is not dependent upon the determination of defendant's guilt in the 1974 criminal case.

G.S. § 110-135 provides the authority under which plaintiff is entitled to recover for past public assistance rendered on behalf of the minor child. That section provides in pertinent part that:

> Acceptance of public assistance by or on behalf of a dependent child creates a debt, in the amount of public assistance paid, due and owing the State by the responsible parent or parents of the child. . . . This liability shall attach only to public assistance granted subsequent to June 30, 1975, and only with respect to the period of time during which public assistance is granted, and only if the responsible parent or parents were financially able to furnish support during this period.

> The United States, the State of North Carolina, and any county within the State which has provided public assistance to or on behalf of a dependent child shall be entitled to share in any sum collected under this section, and their proportionate parts of such sum shall be determined in accordance with the matching formulas in use during the period for which assistance was paid.

> No action to collect such debt shall be commenced after the expiration of five years subsequent to the receipt of the last grant of public assistance. The county attorney or an attorney retained by the county and/or State shall represent the State in all proceedings brought under this section.

The record discloses that defendant's minor child, as of 26 February 1982, had received $1,352.50 in past public assistance paid.

G.S. § 110-137 provides that:

> By accepting public assistance for or on behalf of a dependent child or children, the recipient shall be deemed to have made an assignment to the State or to the county from which such assistance was received of the right to any child support owed for the child or children up to the amount of public assistance paid. The State or county shall be subrogated to the right of the child or children or the person having custody to initiate a support action under this Article and to recover any payments ordered by the court of this or any other state.

Plaintiff instituted this action well within the five year limitation period[1] and defendant, as a responsible parent, is liable for the amount of public assistance paid.

We do not accept defendant's contention that the payment of the lump sum amount ordered as a result of the 1974 conviction for nonsupport of an illegitimate child relieves defendant's responsibility for future support. The 1974 action was brought pursuant to G.S. § 49-2 and the lump sum payment was ordered pursuant to G.S. § 49-7. G.S. § 49-7 provides, in pertinent part, that:

> Compliance by the defendant with any or all of the further provisions of this Article or the order or orders of the court requiring additional acts to be performed by the defendant shall not be construed to relieve the defendant of his or her responsibility to pay the sum fixed *or any modification or increase thereof.* (Emphasis added.)

*See State v. Dill,* 224 N.C. 57, 29 S.E. 2d 145 (1944); *State v. Duncan,* 222 N.C. 11, 21 S.E. 2d 822 (1942). G.S. § 49-7, read together with G.S. § 50-13.7, which provides for the modification of an order for child support, clearly contemplates a continuing obligation on the part of the parents of an illegitimate child to provide support, including when necessary the modification or increase of payments ordered to satisfy this obligation. We therefore hold that, having been conclusively determined a "responsible parent," as that term is defined in G.S. § 110-129, defendant must

---

1. In its brief to this Court, defendant argues that plaintiff is barred by the limitation period in G.S. § 49-14. When this suit was instituted, G.S. § 49-14(c) provided that: "(a) The paternity of a child born out of wedlock may be established by civil action. Such establishment of paternity shall not have the effect of legitimation. . . (c) Such action shall be commenced within one of the following periods: (1) Three years next after the birth of the child; or (2) Three years next after the date of the last payment by the putative father for the support of the child, whether such last payment was made within three years of the birth of such child or thereafter. Provided, that no such action shall be commenced nor judgment entered after the death of the putative father." We note first that this statute has been amended to remove the 3-year limitation period. *See* N.C. Gen. Stat. § 49-14(c) (Cum. Supp. 1983). Furthermore, we have treated plaintiff's action as one instituted pursuant to G.S. § 110-128, *et seq.,* to recover past public assistance. It was not a civil action to establish paternity pursuant to G.S. § 49-14. Finally, defendant did not raise or argue this issue in the Court of Appeals and is therefore precluded from making the argument to this Court. N.C. Rules of App. Proc. 16(a).

necessarily remain liable for the future support of his minor child. *See* G.S. § 50-13.4(b) and (c) (providing that the father and the mother shall be primarily liable for the support of a minor child and authorizing the court to order the parties to provide support).

The case is remanded to the Court of Appeals for further remand to the trial court for findings on the reasonable needs of the minor child and the ability of the defendant to pay them.

Modified and affirmed.