KENNETH WAYNE HEAVNER v. BRENDA HARRIS HEAVNER

No. 8427DC501

(Filed 5 March 1985)

1. **Appeal and Error § 6.9— order requiring blood grouping test—interlocutory appeal—treated as petition for certiorari**

   An order requiring a blood grouping test was an interlocutory order which was not appealable, but which was treated by the Court of Appeals as a petition for certiorari. G.S. 1-277; G.S. 7A-27.

2. **Bastards § 5.1— blood test—prior guilty plea to nonsupport—allegation of paternity in complaint**

   The trial court erred by ordering a blood grouping test where plaintiff had previously pled guilty to criminal nonsupport and had alleged in the complaint that the child was born of his marriage to defendant. G.S. 8-50.1(b); G.S. 14-322.

APPEAL by defendant from *Bulwinkle, Judge*. Order entered 9 March 1984 in District Court, GASTON County. Heard in the Court of Appeals upon writ of certiorari 10 January 1985.

Plaintiff filed suit for absolute divorce from defendant on 1 June 1971. In his complaint plaintiff alleged, in pertinent part:

I. That plaintiff and defendant have both resided in Lincoln County, North Carolina for more than one year next preceding the institution of this action for divorce.

II. That plaintiff and defendant were united in marriage on or about the 30th day of August, 1966 at El Paso, Texas; that two children were born to the marriage union, to wit: ROBERT VON HEAVNER, age 4 years, and JEFFREY WAYNE HEAVNER about one year old.

The divorce was granted on 13 July 1971.

In 1970 plaintiff pled not guilty and was found guilty of inadequate support of Robert Von Heavner (Robert), and pled guilty to nonsupport of Jeffrey Wayne Heavner (Jeffrey). He was ordered to pay a total of $80.00 every two weeks for support of his minor children.

On 11 July 1977 plaintiff filed a complaint for custody of Robert. Defendant filed an answer and counterclaim on 12 September 1977 seeking legal custody of the two children and additional child support. On 16 September 1977 plaintiff moved for a blood grouping test to determine the parentage of Jeffrey. No further action was taken, and on 1 May 1979 the case was removed from the active trial docket.

On 13 January 1984 defendant again moved for legal custody of the two children and additional child support. Plaintiff alleged that he was not the father of Jeffrey, and asked the court to order a blood grouping test. The test was ordered by the court on 20 February 1984. Defendant appeals from this order and from the denial of her motion for a new hearing.

*Lloyd T. Kelso for defendant appellant.*

*Basil L. Whitener and Anne M. Lamm for plaintiff appellee.*

PARKER, Judge.

[1] No appeal lies from an interlocutory order or ruling of a trial judge unless the order or ruling deprives the appellant of a substantial right which he would lose if the order or ruling is not reviewed before the final judgment. *Blackwelder v. State of North Carolina Department of Human Resources*, 60 N.C. App. 331, 299 S.E. 2d 777 (1983); G.S. 1-277; G.S. 7A-27. An order is interlocutory if it does not determine the issues, but directs some further proceeding preliminary to the final decree. *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978).

Judge Bulwinkle's order requiring plaintiff, defendant and Jeffrey to submit to a blood grouping test is an interlocutory order and is not appealable as it does not affect a substantial right. *Davie County Department of Social Services v. Jones*, 62 N.C. App. 142, 301 S.E. 2d 926 (1983). We elect, however, to treat this appeal as a petition for certiorari, allow it, and pass upon the merits. *See Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983); *Patrick v. Hurdle*, 16 N.C. App. 28, 190 S.E. 2d 871, *cert. denied* 282 N.C. 304, 192 S.E. 2d 195 (1972).

[2]   General Statute 8-50.1(b) allows the trial court to order a blood grouping test in any civil action in which the question of parentage arises. Defendant argues that as the question of parentage had already been decided, the trial court erred in ordering the blood grouping test. We agree. Plaintiff's guilty plea to the criminal charge of nonsupport of Jeffrey, under G.S. 14-322, is an evidentiary admission of paternity. *Wilkes County v. Gentry*, 311 N.C. 580, 319 S.E. 2d 224 (1984). *See* McCormick on Evidence § 265 (2nd ed. 1972). Additionally, plaintiff is barred from raising the issue of paternity by his own allegation in the complaint that Jeffrey was born of his marriage to defendant. *Withrow v. Webb*, 53 N.C. App. 67, 280 S.E. 2d 22 (1981). *See Sutton v. Sutton*, 56 N.C. App. 740, 289 S.E. 2d 618 (1982). As the parentage of Jeffrey is not at issue the trial court erred in ordering a blood test pursuant to G.S. 8-50.1, and this order is

Vacated.

Judges ARNOLD and WELLS concur.