JANA L. CAMALIER, ADMINISTRATRIX C.T.A. OF THE ESTATE OF CALEB WILLARD CAMALIER, CORRIE R. CAMALIER BY AND THROUGH HER DULY APPOINTED GUARDIAN AD LITEM, G. BRYAN COLLINS, JR., LOUISE H. CAMALIER, BY AND THROUGH HER DULY APPOINTED GUARDIAN AD LITEM, G. BRYAN COLLINS, JR., AND JANA L. CAMALIER, INDIVIDUALLY, PLAINTIFFS v. CHARLES J. JEFFRIES, FRANK A. DANIELS, JR., AND THE NEWS AND OBSERVER PUBLISHING CO., DEFENDANTS

No. 9210SC1152

(Filed 18 January 1994)

1. **Intoxicating Liquor § 59 (NCI4th)— social host liability— retroactive liability**

    Social host liability as announced in Hart v. Ivey, 332 N.C. 299, applied retroactively to this case.

    **Am Jur 2d, Intoxicating Liquors §§ 35, 36.**

    **Intoxicating liquors: employer's liability for furnishing or permitting liquor on social occasion. 51 ALR4th 1048.**

    **Social host's liability for injuries incurred by third parties as a result of intoxicated guest's negligence. 62 ALR4th 16.**

2. **Intoxicating Liquor § 59 (NCI4th)— social host liability issue—no knowledge that guest was intoxicated**

    In an action to recover for the wrongful death of plaintiff's intestate who was killed when his vehicle was struck by defendant newspaper employee who consumed alcoholic beverages at a retirement party sponsored by defendant newspaper and defendant editor, summary judgment was properly entered for defendants where plaintiffs claimed social host liability but there was no evidence that either the newspaper or the editor knew, or reasonably should have known, that defendant employee was intoxicated at any time while he was at the retirement party.

    **Am Jur 2d, Intoxicating Liquors §§ 35, 36.**

    **Intoxicating liquors: employer's liability for furnishing or permitting liquor on social occasion. 51 ALR4th 1048.**

    **Social host's liability for injuries incurred by third parties as a result of intoxicated guest's negligence. 62 ALR4th 16.**

CAMALIER v. JEFFRIES

[113 N.C. App. 303 (1994)]

**3. Intoxicating Liquor § 59 (NCI4th) — editor's retirement party — newspaper as social and not business host**

Defendant newspaper was purely a social host and not a business host at a retirement party for its editor.

**Am Jur 2d, Intoxicating Liquors §§ 35, 36.**

**Intoxicating liquors: employer's liability for furnishing or permitting liquor on social occasion. 51 ALR4th 1048.**

**Social host's liability for injuries incurred by third parties as a result of intoxicated guest's negligence. 62 ALR4th 16.**

**4. Death § 49 (NCI4th) — wrongful death — intoxicated defendant — prior guilty plea in criminal prosecution — summary judgment on liability issue proper**

In a wrongful death action where plaintiff alleged that defendant negligently drove his automobile away from a company retirement party while intoxicated, ran a red light, and struck plaintiff's intestate's automobile, the trial court properly granted partial summary judgment on the issue of defendant driver's liability, since plaintiffs offered defendant's guilty plea to driving under the influence and running a red light; defendant came forward with no evidence to show that a genuine issue of fact did exist; and defendant's affidavit that he didn't feel intoxicated and recollected the light being green was insufficient to justify reversal.

**Am Jur 2d, Death § 529.**

Appeal by plaintiffs from orders entered 22 July 1992 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 18 October 1993.

Appeal by defendant, Charles J. Jeffries, from order entered 22 July 1992, and amended 29 July 1992, by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 18 October 1993.

Appeal by unnamed defendant, Michigan Mutual Insurance Company, from orders entered 22 July 1992 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 18 October 1993.

On 27 October 1990 The News and Observer Publishing Company (hereinafter The News and Observer) sponsored a retirement party for its editor, Claude Sitton, at the home of Frank A. Daniels, Jr., publisher and president of The News and Observer. Daniels hired Paul D. Broughton d/b/a Broughton Special Events Catering as an events coordinator. Broughton's duties included serving alcoholic beverages to guests. Although Broughton required Daniels to actually purchase the alcohol that was to be served at the party, Broughton hired four bartenders to assist him in serving the alcohol. Broughton also hired Savory Fare, Inc. to assist in the preparation and service of the food and alcohol. Savory Fare provided two bartenders to assist in the serving of the alcohol.

Defendant Jeffries, a News and Observer reporter, arrived at the retirement party at approximately 7:30 p.m. and stayed until approximately 10:15 p.m. During the time he was at the party Jeffries consumed three or four gin and tonic drinks or approximately ten to twelve ounces of gin. When Jeffries left the party he was transported to his car parked across the street by a van supplied by the defendants. Jeffries left the parking lot and drove west along Highway 70 towards his home in Durham. At approximately 10:40 p.m., Jeffries' vehicle collided with a vehicle driven by Caleb Camalier at an intersection located along Highway 70. Camalier was seriously injured in the collision. After living in a comatose state for approximately nine months, Camalier died.

Jeffries was transported to Durham County General Hospital where a sample of his blood was drawn shortly after midnight. A SBI analysis revealed a blood alcohol concentration level of 0.191. Although no one witnessed the collision, at least two witnesses stated that Jeffries appeared intoxicated at the scene of the accident. Jeffries was not seriously injured in the collision.

Jeffries was charged with driving while impaired and with failing to stop for a red light. Pursuant to a plea bargain agreement with the State, Jeffries entered pleas of guilty to both charges on 15 February 1991.

On 18 March 1991, plaintiffs filed a complaint against Charles J. Jeffries, Frank A. Daniels, Jr. and The News and Observer, alleging negligence on behalf of all parties named. The complaint alleged that Jeffries negligently drove his automobile away from a company retirement party while intoxicated, ran a red light, and struck an automobile operated by Caleb Willard Camalier,

III. The complaint further alleged that The News and Observer and Daniels negligently served to Jeffries alcoholic beverages from which he became intoxicated. Camalier lived in a coma until 27 July 1991 at which time he died. Plaintiffs subsequently amended their complaint to allege a claim for wrongful death against all defendants.

Defendant Jeffries moved for partial summary judgment; defendants Daniels and The News and Observer filed individual motions for summary judgment; plaintiffs moved for partial summary judgment as to Jeffries' liability; and the unnamed party Michigan Mutual moved for summary judgment. On 22 July 1992 the trial court granted summary judgment in favor of The News and Observer and Daniels. The trial court also allowed plaintiffs' motion for partial summary judgment as to Jeffries' liability. Plaintiffs and defendants and the unnamed defendant appeal from the orders as entered.

*Young, Moore, Henderson & Alvis, P.A., by R. Michael Strickland and Jerry S. Alvis; White & Gaskins, by Johnny S. Gaskins, for plaintiff-appellants.*

*Bailey & Dixon, by Gary S. Parsons, Patricia P. Kerner and Kenyann G. Brown, for defendant-appellant Charles J. Jeffries.*

*Yates, McLamb & Weyher, by Dan J. McLamb, for defendant-appellee Frank A. Daniels, Jr.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Samuel G. Thompson and John D. Madden, for defendant-appellee The News and Observer Publishing Company.*

*Carruthers & Roth, P.A., by Richard L. Vanore and Michael J. Allen, for unnamed defendant-appellant Michigan Mutual Insurance Company.*

ARNOLD, Chief Judge.

Plaintiffs' first assignment of error is that the trial court erred in granting summary judgment in favor of defendants Daniels and The News and Observer. In granting The News and Observer's motion, the trial court ruled that the common law at the time of this judgment (22 July 1992) did not recognize "social host liability for persons giving a party for social entertainment purposes even if the party provides excessive alcohol to an adult

who thereafter leaves impaired and injures another." The trial court noted that three exceptions to the common law rule of nonliability existed, but that the conduct of The News and Observer did not fall within any of these exceptions. The trial court therefore ruled as a matter of law that The News and Observer was a purely social host and was not liable under the laws of North Carolina for any act of negligence committed by Jeffries. In granting summary judgment in favor of defendant Daniels, the trial court concluded that no legal basis existed for the claims made by plaintiffs against Daniels individually, therefore he was entitled to judgment as a matter of law.

Plaintiffs' appeal addresses a claim that until recently had not been recognized by our courts: liability of a social host who serves alcohol to a guest when the host has knowledge, or should have knowledge, that the guest is intoxicated and is likely to drive on the streets or highways and negligently injure a third party. Plaintiffs contend that in light of the recent Supreme Court decision in *Hart v. Ivey*, 332 N.C. 299, 420 S.E.2d 174 (1992), North Carolina now appears to recognize social host liability, and that defendants can no longer rely on the defense that the alcohol was served at a social event rather than a business function.

[1] At the outset we consider whether our Supreme Court's decision in *Hart v. Ivey*, which was filed 4 September 1992, applies to our decision in this case. In *Hart* the plaintiffs, husband and wife, brought an action alleging that four defendants were negligent in giving a party at which beer was served to John Dennis Little, Jr., an eighteen year old minor. The plaintiffs alleged that these defendants knew or should have known that Little was intoxicated at the time they served him the beer, and that Little would be driving a motor vehicle from the party thereby making it likely that he would injure someone. The plaintiffs further alleged that as a result of the defendants' negligent acts, Little's vehicle collided with a motor vehicle driven by the plaintiff wife, causing her serious injury. The defendants argued that the complaint did not state a claim against them. The plaintiffs contended that they stated a claim for negligence on two separate grounds: negligence *per se* for serving alcohol to a minor, which is not at issue in this case, and common law negligence for serving alcohol to a person when they knew or should have known that person was under the influence of alcohol and would drive an automobile shortly after consuming the alcoholic beverage. As to the latter cause

of action, the Supreme Court held that the plaintiffs "stated a cognizable claim." *Id.* at 304, 420 S.E.2d at 177. The Court admitted that no precedent in this State dealt with social host liability, but it maintained that the principles of negligence at least required a holding that the plaintiffs in that case stated a claim. *Hart*, 332 N.C. 299, 420 S.E.2d 174. The Court stated that it was not recognizing a new claim; rather, it was merely applying already established negligence principles under which the plaintiffs have stated claims. *Id.*

There is a presumption of retroactive application of decisions by our Supreme Court that change the existing law. *Fowler v. N.C. Dept. of Crime Control & Public Safety*, 92 N.C. App. 733, 376 S.E.2d 11, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 773 (1989). The Supreme Court decision will be applied retroactively unless compelling reasons exist for limiting its retroactive effect. *Id.* "In balancing the countervailing interests this Court must consider whether the [defendant] was unfairly prejudiced by his reliance on prior law, whether the purposes of the intervening decision could be achieved solely by prospective application, and the impact of retroactive application on the administration of justice." *Id.* at 735, 376 S.E.2d at 12-13 (citing *Cox v. Haworth*, 304 N.C. 571, 284 S.E.2d 322 (1981)).

Defendants do not claim any reliance on prior law. Their reliance, if any, on the absence of social host liability in the common law cannot be held to prevent retroactive application. Certainly defendants did not commit the alleged tort with this in mind. Furthermore, a retroactive application of *Hart* would serve North Carolina's public policy against drunken driving. Ironically, defendants, through News and Observer editorials and articles, have called to the public's attention the inherent dangers posed by the drinking driver. Moreover, we do not believe that a retroactive application of *Hart* would significantly impair the administration of justice. In fact, defendants practically concede that *Hart* applies to the facts in this case, although they argue that even under *Hart* the record supports summary judgment in their favor. We hold that social host liability announced in *Hart* applies to the case at bar.

[2] For summary judgment to be appropriate for defendants, their forecast of evidence must clearly indicate that plaintiffs would not be able to prove an essential element of their claim, and that defendants are entitled to judgments as a matter of law. To succeed

under social host liability as set forth in *Hart*, plaintiffs must present sufficient evidence showing the following elements: 1) defendants served an alcoholic beverage, 2) to a person they knew or should have known was under the influence of alcohol, and 3) defendants knew that the person who was under the influence of alcohol would shortly thereafter drive an automobile. *Hart*, 332 N.C. 299, 420 S.E.2d 174. Based on the forecast of evidence in the record, we conclude that no material issue of fact exists concerning defendants' knowledge of defendant Jeffries' alleged intoxicated or impaired condition, and that such element could not be proved by plaintiffs through the presentation of substantial evidence.

Under the second element of social host liability, plaintiffs must forecast evidence sufficient to raise a genuine issue as to whether defendants served the alcohol to Jeffries knowing that he was under the influence. The knowledge required of this element is that the social host knew or should have known that his guest was intoxicated. "The crucial consideration has been the condition of the guest . . . at the time the social host . . . served him or her an alcoholic drink." *McGuiggan v. New England Telephone and Telegraph Company*, 398 Mass. 152, 161, 496 N.E.2d 141, 146 (1986); *see also Harshbarger v. Murphy*, 90 N.C. App. 393, 368 S.E.2d 450 (1988) (requiring plaintiff to show intoxicated driver displayed manifestations of intoxication or impairment during the time when he was served alcoholic beverages at the premises of the establishment which plaintiff attempts to hold liable). Thus, we must look to the evidence relevant to the time Jeffries was served the alcoholic beverages and any outward manifestations which would reasonably lead defendants to know that Jeffries was under the influence.

The record is devoid of any evidence showing actual or constructive knowledge by defendants of Jeffries' alleged intoxication when alcoholic beverages were served to him at the party. Plaintiff offered no showing that at the time of the party, defendant Jeffries exhibited behavior or manifestations of intoxication or impairment to lead defendants to reasonably know that Jeffries was indeed intoxicated or impaired. The record includes dozens of depositions and affidavits in which individuals who knew Jeffries prior to the party testified that, through their observation of and interaction with Jeffries at the party, they noticed nothing indicating that he was intoxicated or impaired by the consumption of alcohol. In

fact, they testified to the contrary by stating that Jeffries appeared perfectly normal.

No evidence was presented suggesting Jeffries was obviously intoxicated so that defendants knew or even should have known that he was too impaired to drive. Furthermore, any evidence regarding Jeffries' condition or appearance after he got into his car and drove out of the parking lot is immaterial and irrelevant. We agree with the court in *McGuiggan v. New England Telephone and Telegraph Company*, 398 Mass. 152, 496 N.E.2d 141, that evidence of the driver's blood alcohol content does not raise a dispute on a material fact issue because only the time at which the defendant took his last drink is relevant to the question of whether the hosts knew or should have known about a guest's intoxication.

Although we acknowledge that granting summary judgment is generally not appropriate in negligence cases, *see Wilson Brothers v. Mobil Oil*, 63 N.C. App. 334, 305 S.E.2d 40, *disc. review denied*, 309 N.C. 634, 308 S.E.2d 719 (1983), this is one of those exceptional cases where an essential element of a plaintiff's claim creates no genuine issue of material fact, and reasonable men could only concede defendants were not negligent. *See Boza v. Schiebel*, 65 N.C. App. 151, 308 S.E.2d 510 (1983), *disc. review denied*, 310 N.C. 475, 312 S.E.2d 882 (1984).

With the recent recognition of social host liability, cases of this nature must be decided one by one, applying the principles announced in *Hart*. The facts here do not present a case for social host liability. There is no evidence that either The News and Observer or Frank Daniels knew, or reasonably should have known, that Jeffries was intoxicated at any time while he was at the retirement party. Having failed to provide sufficient evidence on an essential element of their claim, plaintiffs' argument therefore fails.

[3] Plaintiffs alternatively contend that their evidence is sufficient for a jury to conclude that alcohol was negligently served to Jeffries at an employment related function of The News and Observer. Before *Hart*, the only other applicable exception to the common law rule of nonliability of a person serving alcoholic beverages to an intoxicated individual was a situation in which alcohol was furnished at a business function. Both plaintiffs and defendant newspaper rely on *Chastain v. Litton Systems, Inc.*, 694 F.2d 957 (4th Cir. 1982), *cert. denied*, 462 U.S. 1106, 77 L. Ed. 2d 1334 (1983), in which the Fourth Circuit held that a business that was not

acting as a social host at the time it held a company Christmas party could be held liable for furnishing alcoholic beverages to an employee knowing that the employee had become intoxicated at the party. Inherent in our discussion above regarding social host liability is the conclusion that defendant, The News and Observer, was a purely social host, as determined by the trial court. Furthermore, as we have determined above, there is no genuine issue of material fact as to whether The News and Observer knew Jeffries was intoxicated. For this reason, as well as for the reason that North Carolina appellate courts have not squarely addressed the issue of business host liability, it is not necessary to do so in this case. Business or employer liability is not an issue now before us.

[4] Next we address defendant Jeffries' cross appeal regarding the trial court's grant of plaintiffs' motion for partial summary judgment on the issue of Jeffries' liability. Defendant Jeffries contends that genuine issues of material fact exist as to whether he was negligent, and as to whether such negligence, if any, proximately caused the accident. Defendant relies on his amended answer and affidavit in which he denies driving under the influence and running a red light, and in which he alleges Camalier's contributory negligence.

Prior to this civil action, defendant Jeffries appeared in Wake County District Court and pleaded guilty to impaired driving in violation of N.C. Gen. Stat. § 20-138.1 (1993) and to running a red light in violation of N.C. Gen. Stat. § 20-158(b)(2) (1993). During the hearing, Jeffries responded to the following questions posed by the court:

> [COURT]: Do you understand that you are pleading guilty to the misdemeanors of, Number 1, driving while subject to an impairing substance; that is, alcoholic beverages, in violation of G.S. 20-138.1; and 2, by entering an intersection while a stop light was emitting a steady red light for traffic in your direction of travel in violation of G.S. 20-158(b)(2)?
>
> [JEFFRIES]: Yes.
>
> [COURT]: Have the charges been explained to you by your lawyer and do you understand the nature of the charges, and do you understand every element of each charge?

[JEFFRIES]: Yes.

. . . .

[COURT]: Do you now personally plead guilty to these charges?

[JEFFRIES]: Yes, sir.

[COURT]: Are you in fact guilty of these charges?

[JEFFRIES]: Yes.

Jeffries subsequently signed the transcript of plea under oath. Counsel representing Jeffries, upon asking the court to accept the plea arrangement, stated that "[b]y virtue of this plea [Jeffries] subjects himself to a very serious civil liability." Thereafter, plaintiffs filed a civil action against Jeffries based on his alleged negligence. In his answer defendant Jeffries specifically denied that he was driving while intoxicated at the time of the accident and that he ran a red light or failed to yield to Camalier's oncoming vehicle. In his amended answer Jeffries made the same denial and further alleged that Caleb Camalier was contributorily negligent, thereby barring plaintiffs from recovery. Plaintiffs filed a motion for partial summary judgment as to Jeffries' liability, and defendant filed a motion for summary judgment. The trial court granted plaintiffs' motion for partial summary judgment.

Our Supreme Court has held that evidence of a guilty plea to a criminal charge arising out of an automobile collision is generally admissible, yet not conclusive, and may be explained. *Grant v. Shadrick*, 260 N.C. 674, 133 S.E.2d 457 (1963) (per curiam). In a comparable case this Court recognized that a plea of guilty made by a defendant was an evidentiary admission by him. *Boone v. Fuller*, 30 N.C. App. 107, 226 S.E.2d 191 (1976). In *Boone*, the plaintiff sought damages from the defendant resulting from an assault by the defendant causing serious injury and eventual death to plaintiff's intestate. The plaintiff filed a motion for summary judgment on the issue of proximate cause offering a copy of the defendant's guilty plea to second degree murder of plaintiff's intestate in support of the motion. The defendant filed an affidavit explaining, *inter alia*, that the guilty plea was entered as a result of plea bargaining, and that the defendant believed the ultimate cause of death was actually pneumonia. The trial court granted plaintiff's motion for partial summary judgment and the defendant appealed. This Court held that the evidence of the defendant's guilty plea

CAMALIER v. JEFFRIES

[113 N.C. App. 303 (1994)]

supported plaintiff's motion and further that "the defendant offered no *competent* evidence to contradict plaintiff's evidence as to the cause of death." *Id.* at 109, 226 S.E.2d at 193 (emphasis added).

We likewise hold that plaintiffs' motion for partial summary judgment as to defendant's liability was properly granted. "It is well settled in North Carolina that, upon a motion for summary judgment, the moving party has the burden of offering evidence to show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." *Id.* Once plaintiffs offered defendant's guilty plea to driving under the influence and running a red light, the burden shifted to defendant to come forward with evidence in contradiction to plaintiffs' evidence to show that a genuine issue of fact did exist. *Id.* Defendant failed to meet his burden. In his guilty plea he unequivocally responded that he was in fact guilty of the crimes charged. As evidence to contradict plaintiffs' evidence of the guilty pleas, defendant relies on his affidavit which states that "[he] did not feel that [he] was intoxicated or that [his] ability to drive had been impaired by the alcohol that [he] had consumed," and further that it was his "recollection that . . . the light from [his] direction of travel was green." Defendant fails to set forth specific facts showing that genuine issues remain for trial. His mere allegations that he did not *feel* intoxicated or that he *recollected* the light being green without more are not competent evidence to justify a reversal. (By way of dictum it should be noted that issues of judicial estoppel, perjury and sanctions may be present here, but we decline in this opinion to entertain such questions.)

The trial court also properly granted summary judgment against defendant on the issue of contributory negligence. Defendant bears the burden of proving contributory negligence. When an essential element of a defendant's claim is nonexistent or when the defendant cannot produce evidence to support an essential element of his claim, summary judgment is appropriate. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E.2d 795 (1974). Defendant has not presented any evidence or testimony to indicate that Caleb Camalier acted negligently. No genuine issue of fact exists, therefore, as to the issue of the decedent's contributory negligence.

In summary, the trial court's grant of defendants News and Observer and Frank Daniels' motions for summary judgment, and

the trial court's grant of plaintiffs' motion for summary judgment as to defendant Jeffries' liability are

Affirmed.

Judges WELLS and JOHNSON concur.