473 S.E.2d 640 (1996)
GUILFORD COUNTY By and Through its CHILD SUPPORT ENFORCEMENT UNIT, ex rel. Janet Harmon GARDNER, Plaintiff-Appellee,
v.
John Robert DAVIS, Defendant-Appellant.
No. COA95-1087.
Court of Appeals of North Carolina.
August 6, 1996.
*641 Deputy County Attorney Gregory L. Gorham, for plaintiff-appellee.
Douglas, Ravenel, Hardy & Crihfield, LLP by G.S. Crihfield, Greensboro, and Kim R. Bonuomo, Fort Jackson, for defendant-appellant.
JOHNSON, Judge.
Pursuant to North Carolina General Statutes Section 110-130.1 plaintiff Guilford County Child Support Enforcement Unit (County) filed an action on behalf of Janet Harmon Gardner (Gardner) against defendant alleging that he is the father of Gardner's minor child. Attached to the complaint is the child's birth certificate, which names Clifford J. Ellis (Ellis) as the father of the child. Ellis was married to Gardner at the time of the child's birth. Also attached to the complaint is a copy of a paternity evaluation performed by Genetic Design which concluded that Ellis could not be the biological father of the minor child.
Defendant answered the complaint moving for dismissal of the action based on the doctrine of res judicata, relying on Gardner's and Ellis's uncontested divorce judgment dated 28 December 1992 in which Ellis is named as the father of the child.
On 31 May 1995, an order was entered denying defendant's motion to dismiss. On 3 August 1995, the trial court entered an order requiring defendant to submit to a blood test in order to determine whether defendant is the biological father of the minor child. Defendant appeals both the order denying his motion to dismiss and the order requiring him to submit to a blood test.
Normally, no appeal will lie from an interlocutory order which does not deprive defendant of a substantial right which he would lose if the order or ruling is not reviewed before final judgment. Blackwelder v. Dept. of Human Resources, 60 N.C.App. 331, 299 S.E.2d 777 (1983). Generally, the denial of a motion to dismiss for failure to state a claim upon which relief may be granted does not affect a substantial right of the moving party. Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co., 90 N.C.App. 738, 370 S.E.2d 76 (1988). Further, an order requiring parties and their minor child to submit to blood grouping testing does not affect a substantial right and is, therefore, interlocutory and not appealable. Heavner *642 v. Heavner, 73 N.C.App. 331, 326 S.E.2d 78, disc. review denied, 313 N.C. 601, 330 S.E.2d 610 (1985). In our discretion, however, we will address the merits of this case in order to expedite the decision in the public interest. See Person County ex rel. Lester v. Holloway, 74 N.C.App. 734, 329 S.E.2d 713 (1985).
We note that defendant in his answer relied upon the doctrine of res judicata as a bar to plaintiff's claim. However, in his arguments to this Court, he relies upon the doctrine of collateral estoppel as his shield against the order of the trial court. As some confusion appears to exist regarding the applicable doctrine in this case, we address that issue first.
"Res Judicata, or claim preclusion, prevents a party, or one in privity with that party, from suing twice on the same claim or cause of action when a final judgment on the merits was entered in the first suit." State v. Lewis, 63 N.C.App. 98, 102, 303 S.E.2d 627, 630 (1983), aff'd, 311 N.C. 727, 319 S.E.2d 145 (1984). Collateral estoppel, or issue preclusion, has traditionally barred "the relitigation of specific issues actually determined in a prior action between the same parties or their privies. The key question always concerns the issue(s) actually litigated and decided in the original action. Consequently, collateral estoppel may be raised in a subsequent action even though that action involved a claim for relief or cause of action different from the first." Id. at 102, 303 S.E.2d at 630.
Therefore, for res judicata to apply in the instant case, defendant would have to show that the uncontested divorce suit resulted in a final judgment on the merits, that the same cause of action is involved in the current suit, and that both he and the County were either parties or stand in privity with parties. In order for defendant to assert a bar based on the doctrine of collateral estoppel, he must demonstrate that the divorce suit resulted in a final judgment on the merits, that the issue in question in the current suit was identical to an issue actually litigated and necessary to the divorce judgment, and that both he and the County were parties or in privity with parties in the first action.
As demonstrated above, the requirement of mutuality of the parties is included in both doctrines. However, our Courts have carved out exceptions to the mutuality requirement in certain cases applying collateral estoppel. See Thomas M. McInnis & Assoc., Inc. v. Hall, 318 N.C. 421, 349 S.E.2d 552 (1986). Therefore, since the mutuality of parties is not always necessary in cases of collateral estoppel, and since there is a clear difference in the cause of action in a suit for divorce versus a suit to establish parentage, the doctrine of collateral estoppel is properly applied in this case. We next apply the facts in this case to the rules of the doctrine.
As stated above, for defendant to prevail on his assertion of collateral estoppel as a bar to the current action, first he must show that the divorce action resulted in a final judgment on the merits. Defendant has made this showing as a final judgment of divorce was entered on 28 December 1992. The second showing required of defendant is that the parentage of the minor child was an issue actually litigated and necessary to the divorce judgment. Defendant has failed to make this showing.
A child born in wedlock is presumed to be legitimate. Eubanks v. Eubanks, 273 N.C. 189, 197, 159 S.E.2d 562, 568 (1968). In this case, the inclusion in the divorce judgment of the paragraph identifying Ellis as the father of the minor child was based purely upon the presumption of paternity raised by the child's birth during wedlock. The issue was not the subject of litigation, and no evidence tending to prove parentage other than the existing presumption was presented.
Further, the paragraph in question operates only to identify the existence of a child born of the marriage, and was not necessary to the adjudication of divorce. North Carolina General Statutes Section 50-6 states that parties may apply to dissolve a marriage upon showing that "the husband and wife have lived separate and apart for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months." N.C. Gen.Stat. § 50-6 (1995). No other requirement is included in the statute. Id. The divorce complaint filed *643 in this case clearly relies on North Carolina General Statutes Section 50-6 as the grounds for seeking a final judgment of divorce, and was granted solely on that basis.
For these reasons, we find that defendant may not rely on the 28 December 1992 judgment of divorce as an adjudication of Ellis as the biological father of the minor child, as that judgment merely relies upon the presumption of legitimacy. Because defendant may not apply the doctrine of collateral estoppel to bar plaintiff's action, the trial court did not err in denying defendant's motion to dismiss.
Further, the trial court did not err in ordering defendant to submit to a blood grouping test. The presumption of the legitimacy of a child born in wedlock is rebuttable, and may be rebutted by competent evidence resulting from a blood grouping test administered by a qualified physician or agency. See Wright v. Wright, 281 N.C. 159, 188 S.E.2d 317 (1972). The blood test evidence presented in this case is unchallenged and demonstrates that Ellis is not the father of the minor child. Moreover, defendant admitted in his answer to the complaint that he had sexual relations with Gardner at the approximate time of conception. Accordingly, in furtherance of the purposes stated in North Carolina General Statutes Section 110-128, the trial court did not err in ordering defendant to submit to a blood grouping test to determine whether he is the parent of the minor child. N.C. Gen.Stat. § 110-128 (1995).
For these reasons, we affirm the orders of the trial court.
Affirmed.
WYNN and SMITH, JJ., concur.