An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-864

NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

MADELINE C. SIMPSON (Cloud),
     Plaintiff,

v.                                        Forsyth County
                                          No. 95 CVD 6117
THURMOND H. SIMPSON, JR.,
     Defendant.


Appeal by plaintiff from order entered 28 January 2013 by Judge Laurie Hutchins in Forsyth County District Court. Heard in the Court of Appeals 8 January 2014.

*Vernon E. Cloud Jr. for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*


DAVIS, Judge.

Madeline Simpson, now Madeline Cloud ("Plaintiff"), appeals from the trial court's 28 January 2013 order (1) setting aside a prior order acknowledging Thurmond H. Simpson, Jr. ("Defendant") as the father of Plaintiff's minor child; and (2) requiring the parties to undergo genetic testing. After careful review, we conclude that Plaintiff has failed to establish that her

interlocutory appeal implicates a substantial right. Accordingly, we dismiss the appeal.

**Factual Background**

Plaintiff and Defendant were married on 10 August 1991 and divorced on 5 September 1996. One child, "Thomas,"[1] was born during the marriage in February 1995. Plaintiff was awarded primary physical custody of Thomas with Defendant having visitation rights. On 26 September 1995, Defendant signed a voluntary support agreement ("the Voluntary Support Agreement") in which he acknowledged paternity and agreed to make payments to Plaintiff for the support of Thomas. The Voluntary Support Agreement was approved by the trial court and filed on 26 September 1995.

On 15 April 2011, Defendant filed a motion to set aside his acknowledgement of paternity contained in the Voluntary Support Agreement pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. The motion alleged that while Defendant had previously believed he was the natural father of Thomas, he had recently "heard a rumor" that another man was, in fact, Thomas' biological father. On this ground, Defendant asked the trial court to immediately terminate his child support obligation.

---

[1] "Thomas" is a pseudonym used to protect the identity of the child.

Defendant attached the results of an at-home paternity test — which purportedly excluded him as the father — to his motion.

On 21 November 2011, Defendant's Rule 60 motion was heard before the Honorable Chester C. Davis in Forsyth County District Court. On 10 January 2012, Judge Davis entered an order denying Defendant's Rule 60 motion on the basis that it was untimely in that it had been brought more than one year after the Voluntary Support Agreement was entered.

On 5 June 2012, Defendant filed a second motion to set aside his prior acknowledgement of paternity. In this motion, Defendant sought relief based not only on Rule 60 but also pursuant to N.C. Gen. Stat. §§ 49-14(h), 110-132, and 50-13.3. Defendant attached a copy of the results of his at-home paternity test to this motion as well.

Defendant's second motion was heard in Forsyth County District Court on 29 October 2012 before the Honorable Laurie Hutchins. By order entered 28 January 2013, Judge Hutchins set aside the acknowledgement of paternity contained in the Voluntary Support Agreement and ordered the parties to submit to genetic testing pursuant to N.C. Gen. Stat. §§ 49-14(h) and 8-50.1 as well as Rule 35 of the North Carolina Rules of Civil Procedure. Plaintiff appealed to this Court.

## Analysis

Although Plaintiff did not raise the issue in her brief, "whether an appeal is interlocutory presents a jurisdictional issue, and this Court has an obligation to address the issue *sua sponte*." *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) (citation, quotation marks, and brackets omitted). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Id.* (citation omitted). Conversely, an order or judgment is interlocutory if it does not settle all of the issues in the case but rather "directs some further proceeding preliminary to the final decree." *Heavner v. Heavner*, 73 N.C. App. 331, 332, 326 S.E.2d 78, 80, *disc. review denied*, 313 N.C. 601, 330 S.E.2d 610 (1985). Generally, there is no right of immediate appeal from an interlocutory order. *Paradigm Consultants, Ltd. v. Builders Mut. Ins. Co.*, ___ N.C. App. ___, ___, 745 S.E.2d 69, 72 (2013). The prohibition against appeals from interlocutory orders "prevents fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts."

*Russell v. State Farm Ins. Co.*, 136 N.C. App. 798, 800, 526 S.E.2d 494, 496 (2000) (citation and brackets omitted).

An interlocutory order may be appealed, however, if the order implicates a substantial right of the appellant that would be lost if the order was not reviewed prior to the issuance of a final judgment. *Guilford Cty. ex rel. Gardner v. Davis*, 123 N.C. App. 527, 529, 473 S.E.2d 640, 641 (1996). Our courts have described a substantial right as one that "materially affect[s] those interests which a man is entitled to have preserved and protected by law: a material right." *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976) (citation and quotation marks omitted). It is the appellant's burden to show this Court that "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).

Here, the trial court's order is not a final judgment because it does not dispose of the entire controversy between the parties. While the trial court set aside Defendant's prior acknowledgement of paternity because it determined that Defendant had successfully rebutted the presumption that he was

the natural father of Thomas, the trial court has not yet made a judicial determination of paternity. Rather, the trial court ordered the parties to submit to genetic testing, meaning that an ultimate determination as to paternity will not be made until some unspecified future date. Furthermore, the portion of Defendant's motion seeking relief from his child support obligation remains unresolved, presumably to be determined once the results of the genetic testing are submitted to the trial court. As such, in order for this Court to have jurisdiction over this interlocutory appeal, Plaintiff bears the burden of establishing that a substantial right of hers is implicated. *See Ratchford v. C.C. Mangum Inc.*, 150 N.C. App. 197, 200, 564 S.E.2d 245, 248 (2002) ("The party desiring an immediate appeal of an interlocutory order bears the burden of showing that such appeal is necessary to prevent loss of a substantial right." (citation and quotation marks omitted)).

This Court has previously held that "an order requiring parties and their minor child to submit to blood grouping testing does not affect a substantial right and is, therefore, interlocutory and not appealable." *Gardner*, 123 N.C. App. at 529, 473 S.E.2d at 641; *see Davie Cty. Dep't of Social Servs. v. Jones*, 62 N.C. App. 142, 142, 301 S.E.2d 926, 927 (1983)

(dismissing defendant's appeal from order directing him to submit to blood grouping and comparison test to determine paternity as interlocutory and not affecting substantial right).

Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure mandates that where an appeal is interlocutory, the statement of the grounds for appellate jurisdiction contained within an appellant's brief "must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4). "It is not the duty of this Court to construct arguments for or find support for [an] appellant's right to appeal from an interlocutory order." *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254.

Plaintiff's brief fails to acknowledge the interlocutory nature of this appeal and presents no argument whatsoever that the order affects a substantial right.[2] Plaintiff has therefore failed to meet her burden of establishing that a substantial right would be lost or prejudiced unless an immediate appeal is allowed. Accordingly, we dismiss Plaintiff's appeal.

**Conclusion**

---

[2] Indeed, in clear violation of the Appellate Rules, Plaintiff's brief contains no statement of any kind regarding the grounds for appellate jurisdiction. *See* N.C.R. App. P. 28(b)(4).

For the reasons set forth above, Plaintiff's interlocutory appeal is dismissed.

DISMISSED.

Judges STEELMAN and STEPHENS concur.

Report per Rule 30(e).