WILLIE B. DUVAL, PLAINTIFF v. OM HOSPITALITY, LLC, D/B/A DAYS INN, AND DAYS INNS WORLDWIDE, INC., DEFENDANTS

No. COA06-1359

(Filed 16 October 2007)

**1. Appeal and Error— appealability—interlocutory order— jurisdictional—not raised by parties**

Whether an appeal is interlocutory is jurisdictional and the issue was addressed in this case even though the parties did not raise the issue.

**2. Appeal and Error— appealability—summary judgment as to only one party—voluntary dismissal without prejudice**

A summary judgment which did not dispose of the issues as to all parties was not dismissed as interlocutory where there had been a voluntary dismissal without prejudice as to the remaining party, the time for refiling that claim had expired, and the stipulation of dismissal did not contain language purporting to extend the time. The Court of Appeals did not believe that counsel was manipulating the Rules of Civil Procedure in an attempt to appeal an order that should not be appealable.

**3. Appeal and Error— appealability—partial summary judgment—contributory negligence**

Partial summary judgment was not interlocutory where the issue was contributory negligence, and granting the motion for summary judgment as to contributory negligence completely disposed of the case.

**4. Negligence— darkened motel staircase—contributory negligence—summary judgment**

The trial court erred by granting summary judgment for a motel owner on the basis of contributory negligence in an action by a guest who fell in a darkened staircase. A jury could find that plaintiff knew that the stairwell was dark and should have found another way out of the motel, but could also find that plaintiff was not aware of any other way out of the motel and used proper care in descending the dark stairs.

**5. Negligence— darkened motel staircase—summary judgment**

The trial court correctly denied defendant's summary judgment motion on the issue of negligence in an action arising from a motel guest falling when descending a darkened staircase.

## DUVAL v. OM HOSPITALITY, LLC

[186 N.C. App. 390 (2007)]

Appeal by plaintiff, Willie B. Duval and defendant, OM Hospitality, LLC, d/b/a Days Inn from the judgment entered 27 June 2006 by Judge Robert D. Lewis in Superior Court, Buncombe County. Heard in the Court of Appeals 26 April 2007.

*George W. Moore for Plaintiff-Appellant.*

*Brotherton Ford Yeoman & Berry, PLLC by Steven P. Weaver for Defendant/Appellee/Cross-Appellant.*

STROUD, Judge.

Plaintiff filed a complaint on 25 October 2005 against defendants OM Hospitality, LLC, d/b/a Days Inn ("OMH") and Days Inn Worldwide, Inc.[1] ("Day's Inn") alleging a claim for personal injury based upon defendant OMH's negligence. Defendant OMH filed a motion for summary judgment on 8 June 2006 which was denied as to defendant's actionable negligence and allowed as to plaintiff's contributory negligence on 27 June 2006. Plaintiff and defendant OMH appeal.

## I. Background

On 26 October 2002, plaintiff and her husband were guests at a Days Inn motel ("motel"). At about 6:30 a.m., they left their motel room, and plaintiff alleged it was necessary to walk down an unlit, dark stairwell to exit the motel. Plaintiff alleged there was no light in the stairwell because a light timer which controlled the light in the stairwell had been deactivated. Plaintiff testified in her deposition that it was "pitch dark" out and that it was so dark that plaintiff could not see the steps. Plaintiff tripped and fell while descending the stairs, and the fall caused injuries to her nose, forehead, right arm, and left leg.

In her verified answer to interrogatories from defendant, plaintiff described the manner in which the accident occurred:

My husband and I both held the stair rail as we went descended [sic] the stairs. My husband used his walking stick ahead of him to feel for the next step. When I thought that I had reached the bottom of the stairway, I stepped forward and fell face-down on

1. On 19 January 2006, Defendant Days Inn Worldwide, Inc. and plaintiff entered into a stipulation of voluntary dismissal without prejudice as to defendant Days Inn Worldwide, Inc. only. Therefore, defendant Days Inn Worldwide, Inc. is not a party to this appeal.

the concrete because I was actually on the last step and not on the ground floor.

In her deposition plaintiff admitted that she "realized that the stairway had no lights" and she knew there was a possibility she could fall but "there was no other way out as far as [she] knew." Plaintiff also alleged that defendant was aware of the lack of lighting in the stairwell and failed to take reasonable action either to correct the condition or to warn users of the stairs of the condition.

Defendant answered plaintiff's complaint, admitting defendant's ownership of the motel premises and that plaintiff and her husband were guests, but denying the remaining allegations. Defendant also raised contributory negligence as an affirmative defense, alleging that plaintiff was negligent as she failed to exercise reasonable care in descending the stairs, failed to use a reasonable alternative route which was available to her, and that she knowingly exposed herself to an open and obvious danger.

On 8 June 2006, defendant moved for summary judgment on the basis that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. On 27 June 2006, the trial court denied defendant's motion for summary judgment as to the issue of "actionable negligence of the defendants", but granted the motion as to "plaintiff's contributory negligence." Plaintiff appealed from the trial court's order granting the motion for summary judgment based upon contributory negligence, and defendant cross-appealed the trial court's denial of its motion for summary judgment as to defendant's negligence.

## II. Interlocutory Appeal

**[1]** Although the parties have not raised this issue, "whether an appeal is interlocutory presents a jurisdictional issue, [and] this Court has an obligation to address the issue *sua sponte.*" *Akers v. City of Mt. Airy,* 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006). An interlocutory order is generally not immediately appealable. *Sharpe v. Worland,* 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999), *disc. rev. denied,* 352 N.C. 150, 544 S.E.2d 228 (2000).

A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *re-hearing denied*, 232 N.C. 744, 59 S.E.2d 429 (1950) (internal citations omitted).

## A. Failure to Dispose of All of the Parties

**[2]** The judgment granting summary judgment did not dispose of the case as to all parties, as plaintiff entered into a stipulation of dismissal without prejudice as to defendant Days Inn. This Court has recognized that a voluntary dismissal without prejudice as to one defendant may render an order of summary judgment as to other defendants interlocutory. *Hill v. West*, 177 N.C. App. 132, 627 S.E.2d 662 (2006). However, this case may be distinguished from *Hill v. West. See id.*

*Hill* was the second appeal to this court, after the first appeal had been dismissed as interlocutory because there was one defendant remaining in the case while orders of dismissal or summary judgment had been entered in favor of the other defendants. *Id.* at 133-34, 627 S.E.2d at 663. After this Court dismissed the appeal, the parties entered into a consent order, dismissing the remaining defendant, Teresa West, ("West") from the case, without prejudice. *Id.* The consent order specifically provided "that if this case is remanded for trial, all claims against [West] *may be reinstated as the Plaintiffs deem necessary and that the prior dismissals without prejudice will not be pled as a bar to said claims." Id.* at 135, 627 S.E.2d at 664 (emphasis added).

The *Hill* plaintiffs then filed notice of appeal again, both from the order of summary judgment and dismissal which they had previously appealed and from the consent order which dismissed West without prejudice. *Id.* at 134, 627 S.E.2d at 663. The *Hill* court stated that based upon the entry of the consent order for voluntary dismissal, they believed that "counsel [were] manipulating the Rules of Civil Procedure in an attempt to appeal the 2003 summary judgment that otherwise would not be appealable." *Id.* at 135, 627 S.E.2d at 664. We also note that as of 4 April 2006, the date of filing of *Hill*, plaintiffs would still have been able to renew the claim against West, as the time for plaintiffs to refile under North Carolina Rule of Civil Procedure 41(a)(2) had not yet expired.[2] *See id.* 177 N.C. App. 132,

---

2. Rule 41(a)(2) provides, in pertinent part, that "[i]f an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time." N.C. Gen. Stat. § 1A-1, Rule 41(a)(2).

627 S.E.2d 662; *see also* N.C. Gen. Stat. § 1A-1, Rule 41(a)(2) (2005). The language of the consent order could arguably have even permitted plaintiffs to reinstate their claims against West after a year had expired, beyond the time permitted by Rule 41. *See Hill* at 135, 627 S.E.2d at 664; *see also* N.C. Gen. Stat. § 1A-1, Rule 41(a)(2).

In the present case, the stipulation of voluntary dismissal as to defendant Days Inn was filed on 19 January 2006. Time has expired for plaintiff to refile this claim against defendant Days Inn pursuant to North Carolina Rule of Civil Procedure 41(a)(1). *See* N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2005). The stipulation of dismissal did not contain any additional language purporting to give plaintiff any time beyond that permitted by Rule 41(a)(1) to pursue her claim against Days Inn. The procedural posture of this case does not cause us to believe that counsel are "manipulating the Rules of Civil Procedure in an attempt to appeal" an order that should not be appealable. *Hill* at 135, 627 S.E.2d at 664. We therefore conclude that *Hill* is inapposite and does not compel us to dismiss this appeal as interlocutory. *Hill* 177 N.C. App. 132, 627 S.E.2d 662.

### B. Summary Judgment as to Contributory Negligence

[3] "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). However, "[a] finding of contributory negligence is a bar to recovery from a defendant for acts of ordinary negligence." *Bosley v. Alexander*, 114 N.C. App. 470, 472, 442 S.E.2d 82, 83-84 (1994).

Here, the trial court granted defendant's summary judgment motion as to contributory negligence and denied it as to actionable negligence. Normally, a partial summary judgment grant is interlocutory, but here, a granting as to contributory negligence completely disposes of the case. *Liggett Group, Inc.* at 23, 437 S.E.2d at 677. Finding that plaintiff was contributorily negligent created "a bar to recovery . . . for acts of ordinary negligence." *Bosley*, 114 N.C. App. at 472, 442 S.E.2d at 83. Thus, we find that this partial grant for summary judgment is not interlocutory as it "disposes of the cause . . . leaving nothing to be judicially determined between [the parties] in the trial court." *Veazey*, 231 N.C. at 361-62, 57 S.E.2d at 381. We have concluded that this appeal is not interlocutory, and thus we will address the merits of the appeal.

### III. Granting of Summary Judgment as to Contributory Negligence

[4] Appellant argues that the trial court committed reversible error by allowing summary judgment as to plaintiff's contributory negligence. We must view the evidence presented by the parties in the light most favorable to the plaintiff. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). However, summary judgment is "rarely appropriate" in cases of negligence or contributory negligence. *Ballenger*, 38 N.C. App. 50, 55, 247 S.E.2d 287, 291 (1978).

In a case dealing with a plaintiff's injury from slipping and falling "[t]he basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety." *Rone v. Byrd Food Stores, Inc.*, 109 N.C. App. 666, 670, 428 S.E.2d 284, 286 (1993). Summary judgment is proper only if

> the evidence establishes plaintiff's contributory negligence as a matter of law, [when] the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge.

*Rone* at 670-71, 428 S.E.2d at 286-87.

In addition, "[t]he existence of contributory negligence does not depend on plaintiff's *subjective* appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an *objective* standard of behavior—the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 670, 268 S.E.2d 504, 507 (1980) (internal quotations omitted) (emphasis in original).

This situation is very similar to the facts in *Rappaport v. Days Inn*, in which the plaintiff fell in a dark parking lot when attempting to go from a car to her assigned motel room. 296 N.C. 382, 385, 250

S.E.2d 245, 248 (1979), *overruled in part*, *Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998).[3] The *Rappaport* court stated that

> [u]nder the evidence in this case the mere fact that plaintiff attempted to go to her room in the darkness does not constitute contributory negligence as a matter of law. Reasonable men may differ as to whether plaintiff was negligent at all in attempting, despite the darkness, to reach the room to which she had been assigned. What would any reasonably prudent person have done under the same or similar circumstances? Only a jury may answer that question because the evidence, taken in the light most favorable to plaintiff, fails to establish plaintiff's negligence so clearly that no other reasonable inference may be drawn therefrom.

*Rappaport* at 387-88 250 S.E.2d at 249.

Defendant contends that plaintiff was fully aware that the stairwell was so dark that she could not see the steps, so that she was contributorily negligent by using the stairwell under these conditions and by.her failure to seek another way out of the motel. It is certainly possible that a jury may agree with defendant. However, considering the evidence in the light most favorable to plaintiff, as we must for the non-moving party, *Bruce-Terminix Co.*, 130 N.C. App. at 733, 504 S.E.2d at 577, a jury could also find that plaintiff acted reasonably in using the stairwell since she was not aware of another way out and because she used proper care in descending the dark stairs, carefully and slowly, holding the railing, and having her husband ahead of her feeling for the steps, but fell nonetheless. We therefore reverse the trial court's order granting summary judgment in favor of defendant OMH on the issue of contributory negligence.

### IV. Denial of Summary Judgment as to Negligence

[5] Generally, an appeal for dismissal of a motion for summary judgment is interlocutory. *Hallman v. Charlotte-Mecklenburg Bd. of Educ.*, 124 N.C. App. 435, 437, 477 S.E.2d 179, 180 (1996).

> Ordinarily, the denial of a motion for summary judgment does not affect a substantial right so that an appeal may be taken . . . . To allow an appeal from a denial of a motion for summary judgment

---

3. Although the distinctions as to the status of the plaintiff under the former "premises-liability trichotomy—that is, the invitee, licensee, and trespasser classifications" were abrogated by *Nelson*, the issue for which *Rappaport* is cited here—contributory negligence as a jury question—is still good law. *Nelson*, 349 N.C. at 616-31, 507 S.E.2d at 883-92; *see also Rappaport*, 296 N.C. 382, 250 S.E.2d 245.

would open the flood gate of fragmentary appeals and cause a delay in administering justice.

*Shoffner Indus., Inc. v. W. B. Lloyd Const. Co.*, 42 N.C. App. 259, 272, 257 S.E.2d 50, 59, *disc. rev. denied*, 298 N.C. 296, 259 S.E.2d 301 (1979). Here, just as in *Shoffner Indus., Inc.*, we have a cross-appeal on a motion for summary judgment. *See id.* We agree with *Shoffner Indus., Inc.*, and hold that

[D]efendant's . . . cross appeal could be dismissed for [being inter-locutory]. However, to avoid any confusion about the posture of the case . . . we have reviewed the pleadings and supporting [documents] in support of and in opposition to the motion for summary judgment. Suffice it to say that they obviously give rise to genuine issues of material fact and granting of summary judgment would be patently erroneous. For the limited reasons stated, we affirm the trial court's [decision on] the motion for summary judgment.

*Id.* at 272-73, 257 S.E.2d at 59.

## V. Conclusion

For the reasons stated above, we reverse the trial court's order granting summary judgment in favor of defendant OMH as to plaintiff's contributory negligence and we affirm the trial court's order denying summary judgment as to defendant's negligence.

AFFIRMED IN PART and REVERSED IN PART.

Judges McCULLOUGH and BRYANT concur.