JORDICE CONE, Plaintiff

v.

KATHY WATSON individually and d/b/a KATHY'S COUNTRY CUTS, Defendant

No. COA12-670

Filed 18 December 2012

**Negligence—summary judgment—material issues of fact—contributory negligence**

The trial court erred by granting defendant's motion for summary judgment because there were issues of material fact both as to whether defendant was negligent and as to whether plaintiff was contributorily negligent.

Appeal by plaintiff from order entered 25 July 2012 by Judge Quentin T. Sumner in Superior Court, Nash County. Heard in the Court of Appeals 29 November 2012.

*Newton & Lee, PLLC by E. S. "Buck" Newton, III, for plaintiff-appellant.*

*Poyner Spruill LLP by Timothy W. Wilson, for defendant-appellee.*

STROUD, Judge.

**CONE v. WATSON**

[224 N.C. App. 241 (2012)]

## I. Background

On 18 March 2010, Jordice Cone ("plaintiff") filed a complaint against Kathy Watson individually and as the sole proprietor of Kathy's Country Cuts in Nash County ("defendant"), alleging that plaintiff was injured when defendant negligently failed to provide sufficient lighting for her front steps. Defendant filed a motion for summary judgment on 28 March 2011. The trial court held a summary judgment hearing on 18 July 2011 and granted defendant's motion by order entered 25 July 2011. Plaintiff filed timely written notice of appeal to this Court on 11 August 2011.

The evidence forecast at the summary judgment hearing showed the following:

On 16 December 2008, plaintiff went to defendant's salon to get her hair cut. It was approximately 6:30 P.M. when she arrived and already dark. Plaintiff entered the salon through a ramp along the side of defendant's building. There were also a set of stairs in front of defendant's building. Plaintiff had been to defendant's salon on numerous occasions previously, but her prior visits were normally in the daytime.

After having her hair cut, plaintiff paid and left the salon. When she got outside, she noticed that both the stairs and the ramp were dark. It had been drizzling and plaintiff was concerned that she would slip if she took the ramp, so she chose instead to try the stairs. Still concerned about the slickness of the steps, she slowly descended the stairs while holding on to the handrail. There was no light shining on the bottom part of the staircase, though some light from the interior of the salon illuminated the top few steps. It was so dark that plaintiff could not see where she was stepping. When she thought she had reached the bottom of the stairs, she stepped down with her left foot, missing the last step, and landed with most of her weight on that foot. As a result, plaintiff suffered a broken left ankle and a severely sprained right ankle.

## II. Summary Judgment

### A. Standard of Review

We review a trial court order granting or denying a summary judgment motion on a *de novo* basis, with our examination of the trial court's order focused on determining whether there is a genuine issue of material fact

**CONE v. WATSON**

[224 N.C. App. 241 (2012)]

and whether either party is entitled to judgment as a matter of law. As a part of that process, we view the evidence in the light most favorable to the nonmoving party.

*Cox v. Roach*, ___ N.C. App. ___, ___, 723 S.E.2d 340, 347 (2011) (citation and quotation marks omitted).

B.  Common law negligence

Plaintiff claims that she made out a *prima facie* claim for negligence *per se* and common law negligence. For the following reasons, we hold that plaintiff has established a *prima facie* claim for common law negligence and therefore do not reach her negligence *per se* argument.

> North Carolina landowners . . . are required to exercise reasonable care to provide for the safety of all lawful visitors on their property. Whether a landowner's care is reasonable is judged against the conduct of a reasonably prudent person under the circumstances. There is no duty to protect a lawful visitor from dangers which are either known to him or so obvious and apparent that they may reasonably be expected to be discovered.

*Kelly v. Regency Centers Corp.*, 203 N.C. App. 339, 343, 691 S.E.2d 92, 95 (2010) (citations omitted). It is undisputed that plaintiff was a lawful guest at defendant's salon at the time of her injury. The question is whether, taken in the light most favorable to plaintiff, the forecast evidence fails to show, as a matter of law, that defendant did not exercise reasonable care.

> As a general rule, issues of negligence are not ordinarily susceptible to summary disposition. It is only in the exceptional negligence case that summary judgment is appropriate, because the rule of the prudent man or other standard of care must be applied, and ordinarily the jury should apply it under appropriate instructions from the court.

*Hockaday v. Morse*, 57 N.C. App. 109, 112, 290 S.E.2d 763, 766 (citation omitted), *disc. rev. denied*, 306 N.C. 384, 294 S.E.2d 209 (1982).

> The mere fact that the plaintiff fell and suffered injuries when she stepped from the higher to the lower level raises no inference of negligence against the defendant. Generally, in the absence of some unusual condition,

the employment of a step by an owner of a building because of a difference between levels is not a violation of any duty to invitees. Different floor levels in public and private buildings, connected by steps, are so common that the possibility of their presence is anticipated by prudent persons. The construction is not negligent unless, by its character, location, or surrounding circumstances a reasonably prudent person would not be likely to expect or see it.

*York*, 264 N.C. at 455, 141 S.E.2d at 868-69 (citation, ellipses, and quotation marks omitted).

Plaintiff argues that the lack of lighting would be one such surrounding circumstance. Defendant argues that plaintiff's claim fails as a matter of law because she did not show that the steps at defendant's store were otherwise defective.

Our Supreme Court has said that "[i]f [a] step is properly constructed, but poorly lighted, and by reason of this fact one entering the store sustains an injury, recovery may be had." *Garner v. Atlantic Greyhound Corp.*, 250 N.C. 151, 159, 108 S.E.2d 461, 467 (1959) (citation and quotation marks omitted). Thus, even assuming that there were no other defects with the stairs, defendant could be liable if she negligently failed to provide sufficient lighting.[1] The question is whether plaintiff presented a *prima facie* case for negligence, including evidence that defendant breached her duty to plaintiff in failing to provide adequate lighting on the step. In this context, a defendant breaches her duty to a lawful visitor if she fails to provide adequate lighting such that a reasonably prudent person would be likely to expect or see the step. *See York*, 264 N.C. at 455, 141 S.E.2d at 868-69.

Here, the evidence forecast by the parties showed that the light emanating from the store did not reach the bottom of the stairs. There were no other lights outside of defendant's store near the stairs. Plaintiff testified that the bottom of the stairs was so dark that she could not tell if she was at the bottom or not and that as a result

---

1. Defendant cites *Harrison v. Williams*, 260 N.C. 392, 132 S.E.2d 869 (1963) for the opposite proposition. The Supreme Court in *Harrison*, however, merely held that in that case the evidence was too vague to sustain the plaintiff's claim. *Harrison*, 260 N.C. at 397, 132 S.E.2d at 873. The plaintiff in *Harrison* failed to produce evidence regarding the location of the steps and lighting conditions at the time the plaintiff fell. *Id.*, 132 S.E.2d at 872. As a result, the Supreme Court upheld the trial court's judgment of involuntary nonsuit. *Id.*, 132 S.E.2d at 873. The Court did not hold that the plaintiff was required to show some defect in the construction of the step.

she stepped off the second-to-last stair not knowing that there was another level. Because "[t]he word dark[] [is] a relative term," *Harrison*, 260 N.C. at 397, 132 S.E.2d at 872, and failure to properly illuminate a step can constitute negligence, we cannot say as a matter of law that a reasonable person under the factual circumstances presented by the parties, taken in the light most favorable to plaintiff, "would . . . be likely to expect or see" the last step. *York*, 264 N.C. at 455, 141 S.E.2d at 868-69. Therefore, there is a genuine issue as to whether defendant was negligent in not providing sufficient lighting.

C. Contributory Negligence

Defendant claims that even if she was negligent, plaintiff is barred from recovery because plaintiff was also negligent and her negligence was a proximate cause of her own injuries. Plaintiff argues that there is a genuine issue of material fact as to whether she was negligent or not. For the following reasons, we hold that there is a genuine issue of material fact as to whether plaintiff was negligent.

Plaintiff cannot recover if she, too, was negligent where that negligence was a proximate cause of her injuries. *Muteff v. Invacare Corp.*, ___ N.C. App. ___, ___, 721 S.E.2d 379, 384 (2012). "[C]ontributory negligence consists of conduct which fails to conform to an *objective* standard of behavior—the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *Duval v. OM Hospitality*, 186 N.C. App. 390, 395, 651 S.E.2d 261, 265 (2007) (citation and quotation marks omitted). "The existence of contributory negligence is ordinarily a question for the jury; such an issue is rarely appropriate for summary judgment, and only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 479, 562 S.E.2d 887, 896 (2002) (citation omitted). "Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge." *Duval*, 186 N.C. App. at 395, 651 S.E.2d at 265 (citation and quotation marks omitted).

Defendant contends that this case is similar to that of *Gordon v. Sprott*, 231 N.C. 472, 57 S.E.2d 785 (1950). In *Gordon*, the plaintiff, along with her daughter and husband, went to a movie theater with a balcony for additional seating. *Id.* at 472, 57 S.E.2d at 785-86. Before the movie started, the plaintiff walked down the side aisle, stepped up onto the balcony, and took her seat. *Id.*, 57 S.E.2d at 786. After the movie finished, the plaintiff started to leave the theater and edged her

way to the end of the balcony, which was not lighted. *Id.* at 472-73. There was only one step between the balcony and the aisle, but plaintiff testified that she fell because she was unaware that the step was there. *Id.* The Supreme Court reversed the trial court's order denying defendant's motion for judgment of involuntary nonsuit because the plaintiff "knew or by the exercise of ordinary care . . . should have known that as she approached the end of the row, she was approaching the place of the elevation of which she knew." *Id.* at 476, 57 S.E.2d at 788.

*Gordon* is, however, distinguishable from the present case in two ways. First, in *Gordon* there was only one step and the plaintiff should have been aware of some change in elevation, given that she had traversed that same step two hours previously in similar lighting conditions. Here, there was evidence that plaintiff had been to defendant's salon before and had even used those stairs previously, but there was no evidence that she had used them recently or otherwise should have been aware of the number of steps in front of defendant's salon. Second and most significantly, unlike in *Gordon*, a jury could reasonably conclude that plaintiff used the stairs with "the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury," *Duval*, 186 N.C. App. at 395, 651 S.E.2d at 265, by proceeding slowly down the stairs, holding on to the handrail.

We find *Duval v. OM Hospitality* more analogous to the case *sub judice.* In *Duval*, the plaintiff and her husband were descending a dark staircase at their hotel. *Id.* at 391-92, 651 S.E.2d at 263. When she thought she was at the bottom, she stepped off and fell because she was in fact still one step from the ground. *Id.* The plaintiff knew that the staircase was dark and that she would have to be careful, but was not aware of another way out. *Id.* at 392. We held that "a jury could also find that plaintiff acted reasonably in using the stairwell since she was not aware of another way out and because she used proper care in descending the dark stairs, carefully and slowly, holding the railing, and having her husband ahead of her feeling for the steps, but fell nonetheless." *Id.* at 396, 651 S.E.2d at 265.

As in *Duval*, defendant argues

> that plaintiff was fully aware that the stairwell was so dark that she could not see the steps, so that she was contributorily negligent by using the stairwell under these conditions and by her failure to seek another way out[.]

*Id.* It is undisputed that plaintiff knew that the stairs were dark and that she would have to be careful. Plaintiff attempted to be careful by descending the stairs slowly while holding on to the handrail.

Here, unlike in *Duval*, plaintiff had another potential exit – the side ramp. "If two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes contributory negligence." *Dunnevent v. Southern Ry. Co.*, 167 N.C. 232, 233, 83 S.E. 347, 348 (1914). Plaintiff stated that she knew that the side ramp was an option, and in fact had ascended the ramp safely when she arrived. Plaintiff chose not to use that route because she was concerned that it was dark like the stairs, but more likely to be slippery after the recent light rain. Where both known ways may be dangerous, we cannot say that choosing one over the other "establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." *Martishius*, 355 N.C. at 479, 562 S.E.2d at 896.

> [While] [i]t is certainly possible that a jury may agree with defendant[,] . . . considering the evidence in the light most favorable to the plaintiff, as we must for the non-moving party, a jury could also find that plaintiff . . . used proper care in descending the dark stairs, carefully and slowly, holding the railing[,] . . . but fell nonetheless.

*Duval*, 186 N.C. App. at 396, 651 S.E.2d at 265. We cannot say that plaintiff was negligent as a matter of law in descending the stairs, given the caution with which she did so, nor that her choice to use the stairs rather than the ramp was negligent as a matter of law, given that both paths were dark and that plaintiff was concerned that the ramp might be wet and slippery.

D. Conclusion

We hold that the trial court erred in granting defendant's motion for summary judgment because there are issues of material fact both as to whether defendant was negligent and as to whether plaintiff was contributorily negligent. Therefore, we reverse the trial court's order and remand for further proceedings.

REVERSED and REMANDED.

Judges HUNTER, JR., Robert N. and BEASLEY concur.