DAVIS, Judge.
Terry Parker ("Plaintiff") appeals from the trial court's 31 March 2016 order granting the motion for summary judgment of Barbara Colson Myers ("Defendant"). After careful review, we dismiss for lack of appellate jurisdiction.
Factual and Procedural Background
Defendant's brother, Henry Colson ("Henry"), owned two pit bulls, which were kept at a residence owned by their sister, Vickie Colson ("Vickie"), in Wadesboro, North Carolina. The residences of Defendant and Vickie were next door to one another, although neither of them actually lived at these residences. Because Vickie's residence did not have running water or electricity, Henry would occasionally use water he obtained from Defendant's residence to feed his pit bulls. On 30 August 2013, Plaintiff, a neighbor, was injured after being bitten by the pit bulls after the dogs ran away from Defendant's residence and attacked Plaintiff.
On 30 March 2015, Plaintiff filed a personal injury action in Anson County Superior Court naming as defendants Henry, Vickie, and Defendant. In his complaint, Plaintiff asserted claims grounded in strict liability and negligence per se . Defendant subsequently filed a motion to dismiss Plaintiff's claims against her pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 14 October 2015, the trial court granted Defendant's motion as to Plaintiff's claim based on strict liability but denied the motion as to the claim based on negligence per se .
On or about 21 January 2016, Defendant filed a motion for summary judgment as to the remaining claims against her. Plaintiff subsequently filed a cross-motion for partial summary judgment against all of the defendants on the issue of negligence per se . A hearing was held before the Honorable Mary Ann Tally on 28 March 2016 in connection with the pending motions. On 31 March 2016, the trial court issued an order (1) granting Plaintiff's motion for summary judgment on the issue of negligence per se as to Henry and Vickie; and (2) granting Defendant's motion for summary judgment, thereby dismissing all remaining claims against her.
On 11 April 2016, Plaintiff filed a motion for reconsideration of the trial court's 31 March 2016 order granting summary judgment in favor of Defendant. The trial court entered an order on 22 April 2016 denying Plaintiff's motion for reconsideration. Plaintiff filed a notice of appeal on or about 3 May 2016 as to the trial court's 31 March 2016 order.
On or about 10 May 2016, Plaintiff filed a motion requesting that the trial court stay further proceedings in the lawsuit until his appeal was resolved. The trial court entered an order on 12 May 2016 staying further proceedings pending resolution of Plaintiff's appeal. At the request of Plaintiff, the trial court subsequently entered an order on 31 May 2016 purporting to certify its 31 March 2016 order for immediate appeal pursuant to Rule 54(b).
Analysis
As an initial matter, we must determine whether we have jurisdiction over this appeal. See Duval v. OM Hospitality, LLC , 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) ("[W]hether an appeal is interlocutory presents a jurisdictional issue, and this Court has an obligation to address the issue sua sponte ." (citation, quotation marks, and brackets omitted)).
"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." Id. (citation omitted). Conversely, an order or judgment is interlocutory if it does not settle all of the issues in the case but rather "directs some further proceeding preliminary to the final decree." Heavner v. Heavner , 73 N.C. App. 331, 332, 326 S.E.2d 78, 80, disc. review denied , 313 N.C. 601, 330 S.E.2d 610 (1985).
"Generally, there is no right of immediate appeal from interlocutory orders...." Paradigm Consultants, Ltd. v. Builders Mut. Ins. Co. , 228 N.C. App. 314, 317, 745 S.E.2d 69, 72 (2013) (citation and quotation marks omitted).
However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.
N.C. Dep't of Transp. v. Page , 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995) (internal citations omitted). In the present case, Plaintiff's assertion that appellate jurisdiction exists is based solely on the trial court's 31 May 2016 order purporting to certify its 31 March 2016 order for immediate appeal.
" Rule 54(b) of the North Carolina Rules of Civil Procedure provides, in pertinent part, that when more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim ... the court may enter a final judgment as to one or more but fewer than all of the claims ... only if there is no just reason for delay and it is so determined in the judgment ." Branch Banking & Tr. Co. v. Peacock Farm, Inc. , --- N.C. App. ----, ----, 772 S.E.2d 495, 499 (citation, quotation marks, and brackets omitted), aff'd per curiam , 368 N.C. 478, 780 S.E.2d 553 (2015). "However, the trial court's determination that there is no just reason to delay the appeal, while accorded great deference, cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." Id. at ----, 772 S.E.2d at 499 (citations and quotation marks omitted).
In Peacock Farm , a farm defaulted on its loan with BB&T, and the bank filed claims against three defendants-Peacock Farm, Willard Rhodes, and Rodolphe Lynch. Lynch subsequently filed counterclaims as well as cross-claims against Peacock Farm and Rhodes, and Peacock Farm and Rhodes filed cross-claims against Lynch. BB&T voluntarily dismissed its claims against Peacock Farm and Rhodes but moved for summary judgment with respect to its claims against Lynch. The trial court entered an order granting BB&T's motion for summary judgment. Id. at ----, 772 S.E.2d at 497. Although additional claims remained pending in the trial court, Lynch subsequently obtained an order from the trial court purportedly certifying its prior order for immediate appeal pursuant to Rule 54(b). Id. at ----, 772 S.E.2d at 498.
On appeal, we determined that the attempted Rule 54(b) certification was ineffective because the certification language was contained not in the actual order being appealed but rather in a separate "stand-alone" order entered thereafter. For this reason, we concluded that no proper certification under Rule 54(b) had been made. Id. at ----, 772 S.E.2d at 499.
Here, Plaintiff's appeal suffers from the same deficiency as the interlocutory appeal in Peacock Farm . The trial court's 31 March 2016 order granting Defendant's motion for summary judgment did not contain a Rule 54(b) certification and left Plaintiff's outstanding claims against the remaining defendants unresolved. The trial court then impermissibly attempted to retroactively certify its 31 March 2016 order for immediate appeal by means of an order entered on 31 May 2016-two months after its prior order was entered and after Plaintiff had filed his notice of appeal.
Therefore, we do not possess jurisdiction over Plaintiff's appeal. Accordingly, his appeal must be dismissed. See Peacock Farm , --- N.C. App. at ----, 772 S.E.2d at 499 (dismissing appeal because trial court's belated attempt to certify previous order as immediately appealable was ineffective).
Conclusion
For the reasons stated above, we dismiss Plaintiff's appeal.
DISMISSED.
Report per Rule 30(e).
Judges STROUD and HUNTER concur.