IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-1046

Filed: 18 April 2017

Mecklenburg County, No. 15 CVS 16169

MOON WRIGHT & HOUSTON, PLLC, Plaintiff,

v.

CHARLES J. COLE and SANDRA D. COLE, Defendants.

Appeal by plaintiff from order entered 17 June 2016 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 March 2017.

> *Moon Wright & Houston, PLLC, by Caleb Brown, Richard S. Wright, and Andrew T. Houston, for plaintiff-appellant.*

> *Copeland Richards, PLLC, by Drew A. Richards, for defendant-appellee Charles J. Cole.*

MURPHY, Judge.

Moon Wright & Houston, PLLC ("Plaintiff"), appeals from the trial court's order partially granting Sandra and Charles Cole's (collectively "Defendants") motion for summary judgment. After careful review, we dismiss Plaintiff's appeal as interlocutory.

**Factual Background**

On 27 August 2015, Plaintiff, a law firm operating out of Charlotte, North Carolina, filed a complaint in Mecklenburg County Superior Court against Sandra

Cole ("Sandra") and Charles Cole ("Charles") concerning their failure to pay certain legal fees owed to Plaintiff. In its complaint, Plaintiff alleged (1) a breach of contract claim against Sandra; (2) a claim for unjust enrichment and *quantum meruit* against both Sandra and Charles; (3) a violation of the doctrine of necessities against Charles; (4) a fraud claim against Charles; and (5) a claim for negligent misrepresentation against both Sandra and Charles.

On 12 May 2016, Defendants filed a motion for summary judgment as to Plaintiff's claims. On 25 May 2016, Sandra filed for bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina under Chapter 13 of the United States Bankruptcy Code.[1] As a result of her filing, the automatic stay provided pursuant to 11 U.S.C. § 362 was triggered.

A hearing on Defendants' motion was held before the Honorable Richard D. Boner in Mecklenburg County Superior Court on 8 June 2016. On 17 June 2016, Judge Boner entered an order granting summary judgment in Charles' favor. The order did not address Plaintiff's claims against Sandra. Plaintiff filed a notice of appeal of the trial court's summary judgment order on 15 July 2016.

## Analysis

As an initial matter, we note that the present appeal is interlocutory. "Since summary judgment was allowed for fewer than all the defendants and the judgment

---

[1] Charles Cole did not file for bankruptcy.

did not contain a certification pursuant to G.S. § 1A-1, Rule 54(b), that there was 'no just reason for delay,' plaintiff's appeal is premature unless the order allowing summary judgment affected a substantial right." *Bernick v. Jurden*, 306 N.C. 435, 438, 293 S.E.2d 405, 408 (1982).  Although not raised by either party on appeal, "whether an appeal is interlocutory presents a jurisdictional issue, and this Court has an obligation to address the issue *sua sponte*." *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) (citation, internal quotation marks, and brackets omitted).  "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Id.* (citation omitted).  Conversely, an order or judgment is interlocutory if it does not settle all of the issues in the case but rather "directs some further proceeding preliminary to the final decree." *Heavner v. Heavner*, 73 N.C. App. 331, 332, 326 S.E.2d 78, 80, *disc. review denied*, 313 N.C. 601, 330 S.E.2d 610 (1985).

> Generally, there is no right of immediate appeal from an interlocutory order.  The prohibition against appeals from interlocutory orders prevents fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.  However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment.  First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie.  Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the

appellant of a substantial right which would be lost absent immediate review.

*Feltman v. City of Wilson*, 238 N.C. App. 246, 250, 767 S.E.2d 615, 618-19 (2014) (internal citations and quotation marks omitted).

In the present case, it is readily apparent that the trial court's summary judgment order only resolved Plaintiff's claims against Charles, and not Plaintiff's claims against Sandra:

> This matter coming on for hearing before the undersigned judge at the June 8, 2016 Civil Session of the Superior Court in Mecklenburg County, North Carolina upon motion by *Defendant Charles J. Cole* for Summary Judgment regarding all of Plaintiff's claims against *Defendant Charles J. Cole*.
>
> After reviewing the pleadings, affidavits, briefs and the court file in this matter, and hearing the arguments of counsel, the Court concludes as a matter of law that there are no genuine issues of material fact such that *Defendant Charles J. Cole's* Motion for Summary Judgment should be and is hereby **GRANTED**.
>
> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that summary judgment is granted in favor of *Defendant Charles J. Cole* and Plaintiff's Complaint against *Defendant Charles J. Cole* is hereby dismissed with prejudice.

(Emphasis added). **[R. p. 375]**

Nowhere in the trial court's order are Plaintiff's claims against Sandra resolved, or even, for that matter, addressed. Furthermore, the record on appeal is devoid of any documentation tending to show that Plaintiff's claims against Sandra

have either been subsequently determined by the trial court, discharged in bankruptcy, or voluntarily dismissed by Plaintiff. We note that while Plaintiff complied with Local Rule 19 of the 26th Judicial District Superior Court Division Local Rules and Procedures insofar as it filed a notice of Sandra's bankruptcy filing with the Clerk of Superior Court, Local Rule 19 does nothing more than administratively close the case against Sandra and hold it in abeyance. *See* Local Rule 19.3 ("Upon submission of paperwork, as described above, the Clerk of Superior Court shall administratively close the case, but only as to the claims against the party in bankruptcy."). Jurisdiction over Plaintiff's claims against Sandra remains with the trial court pending resolution of Sandra's bankruptcy case or a dismissal of the claims against her.

Plaintiff has made no argument on appeal that the trial court's order impacts a substantial right which would be lost absent immediate appellate review. Nor has the trial court certified its summary judgment order for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. Consequently, because Plaintiff's claims against Sandra remain outstanding, we dismiss the present appeal as interlocutory.

## Conclusion

For the reasons stated above, Plaintiff's interlocutory appeal is dismissed.

DISMISSED.

Judges STROUD and DILLON concur.